**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000019
23-JAN-2026
11:01 AM
Dkt. 56 SO**

NO. CAAP-24-0000019

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CHRISTOPHER PARESA, also known as CHRISTOPHER PARESA-THYNE,
Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NOS. 1FFC-23-0000670 & 1FFC-23-0000695)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Christopher **Paresa** appeals from judgments of conviction entered by the Family Court of the First Circuit in case nos. 1FFC-23-0000670 (**First Case**) and 1FFC-23-0000695 (**Second Case**) on December 14, 2023.  We affirm both judgments.

In the First Case, Paresa was charged with Abuse of Family or Household Members because of an incident that happened on August 5, 2023.

In the Second Case, Paresa was charged with Abuse of Family or Household Members because of an incident that happened on August 23, 2023.

The complaining witness in both cases was Paresa's husband (**CW**).  Both cases were tried on December 14, 2023.[1]  The Family Court found **Paresa** guilty as charged in both cases.

---

[1]    The Honorable Gale L.F. Ching presided.

Paresa challenges the sufficiency of the evidence to support his convictions. When sufficiency of the evidence is challenged, we consider the evidence "in the strongest light for the prosecution" to determine "whether there was substantial evidence to support the conclusion of the trier of fact." State v. Calaycay, 145 Hawaiʻi 186, 196, 449 P.3d 1184, 1194 (2019).

As relevant to this case, Hawaii Revised Statutes § 709-906 (Supp. 2022) provides:

> (6)  It shall be a petty misdemeanor for a person to intentionally or knowingly strike, shove, kick, or otherwise touch a family or household member in an offensive manner; [or] subject the family member or household member to offensive physical contact[.]

**(1)**  For the First Case, Paresa contends the evidence was insufficient to prove he acted intentionally or knowingly. He argues he "tried to grab [CW]'s cell phone in order to stop [CW] from recording" him, and his "physical contact with [CW] was incidental to his intent to get the cell phone."

CW testified about the August 5, 2023 incident. CW's cell phone video was stipulated into evidence. CW is heard on the video saying "Get the fuck away from me, Chris. Get away from me. Get the fuck off me. Get off me." CW explained that the video showed Paresa "took his right arm, put it around my neck." CW "was petrified of him." CW felt pressure on his neck and he couldn't breathe.

Because "intent can rarely be proved by direct evidence, proof of circumstantial evidence and reasonable inferences arising from circumstances surrounding the act is sufficient to establish the requisite intent." Calaycay, 145 Hawaiʻi at 200, 449 P.3d at 1198. Here, CW's testimony and the video evidence were sufficient to prove that Paresa intentionally or knowingly touched CW in an offensive manner or subjected CW to offensive physical contact.

**(2)** For the Second Case, Paresa contends the evidence was insufficient to prove he touched CW in an offensive manner or did so intentionally or knowingly.

CW testified Paresa was angry and they were bickering. CW sat on the kitchen floor. His phone was on the ground. Paresa ran in, grabbed CW's shirt, scratched his chest, grabbed his phone, and ran out of the house. A photograph of scratches on CW's chest was admitted in evidence.

Paresa testified he didn't grab CW's shirt. In this appeal he argues that even if he did, "it was not to intentionally or knowingly cause offensive physical contact."

As the Family Court acknowledged, "We got two different stories." The court "found that the complaining witness's testimony was more reasonable and credible." We may not "interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence." State v. Mitchell, 94 Hawaiʻi 388, 393, 15 P.3d 314, 319 (App. 2000).

Here, CW's testimony and the photographic evidence were sufficient to prove that Paresa intentionally or knowingly touched CW in an offensive manner.

The Judgment of Conviction and Sentence entered on December 14, 2023, in 1FFC-23-0000670 is affirmed.

The Judgment of Conviction and Sentence entered on December 14, 2023, in 1FFC-23-0000695 is affirmed.

DATED: Honolulu, Hawaiʻi, January 23, 2026.

On the briefs:

Henry P. Ting,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge